UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TERRY A. BURLISON,**

    **Plaintiff,**

v.                                                        Case No: 5:22-cv-368-JA-PRL

**STEVEN G. ROGERS,**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Before the Court *sua sponte*, is *pro se* Plaintiff's complaint under 42 U.S.C. § 1983, alleging Defendant unconstitutionally deprived him of his of property, seeking injunctive and declaratory relief.[2] (Doc. 1). Plaintiff alleges that on January 12, 2022, Defendant, acting in his official capacity as a Circuit Court Judge in Marion County, Florida, granted the "*ex parte* [*sic*] attachment . . . of [P]laintiff's . . . mobile home located [in] . . . Belleview, Florida. . . . without giving him notice of hearing in [the] state court proceeding." (Doc. 1 at 3). Facially, the complaint implicates an ongoing or prior state court matter and requires *sua sponte*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

[2] Plaintiff specifically claims a violation of the United States Constitution's Fifth Amendment as incorporated against the states through the Fourteenth Amendment. (Doc. 1 at 1-2). He also seeks "other relief" as "deem[ed] appropriate" and "his costs of litigation." (Doc. 1 at 3).

dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman*[3] and *Younger*[4] doctrines.[5]

## I.  LEGAL STANDARDS

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). Subject matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001) (raising federal jurisdiction issue *sua sponte*); *cf. Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.  DISCUSSION

---

[3] The *Rooker-Feldman* doctrine comes from the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

[4] *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[5] Notably, while not a basis for *sua sponte* dismissal because it must be raised as an affirmative defense, "[u]nder the doctrine of absolute immunity, '[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.'" *Mordkofsky v. Calabresi*, 159 F. App'x 938, 939 (11th Cir. 2005) (internal citations omitted). The Plaintiff here names a sitting judge for acts taken in his judicial capacity. A court can consider sanctions against a plaintiff for pursuing a claim against a judge entitled to judicial immunity. *Mordkofsky*, 159 F. App'x at 939 ("[B]ecause of this waste of resources, the district court may want to consider sanctions.").

Subject matter jurisdiction is implicated under the *Rooker-Feldman* and *Younger* doctrines. This Court must raise the issue *sua sponte* when it appears that either doctrine instructs abstention from reviewing the state court proceedings at issue. *See Owens v. Cypress Park Garden Homes I*, No. 8:22-cv-1099-KKM-JSS, 2022 U.S. Dist. LEXIS 88205, at *3 (providing that *sua sponte* remand under the *Rooker-Feldman* doctrine is appropriate) (citation omitted); *see also Hirsch v. 18th Judicial Circuit Court of Fla.*, No. 6:21-cv-1920-CEM-LHP, 2022 U.S. Dist. LEXIS 95627, at *16 (M.D. Fla. May 27, 2022) (remanding *sua sponte* an appeal from ongoing state court foreclosure proceedings under the *Younger* doctrine) (citation omitted). Facially, it is unclear whether the *Younger* doctrine or the *Rooker-Feldman* doctrine applies, but it seems that at least one requires this Court abstain from hearing this case, and recommend dismissal.

### A. The *Younger* Doctrine

This Court lacks jurisdiction to intervene in Plaintiff's ongoing state court proceedings. Under *Younger* and its progeny, district courts are instructed to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). "*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference." *Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001). "[T]he *Younger* doctrine … prevent[s] federal courts from being the grand overseers of state courts and court-like administration." *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004).

In determining the applicability of this doctrine, the Court asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir.2003) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervening in ongoing state court proceedings.

In Plaintiff's complaint, he provides that a January 12, 2022, state court proceeding resulted in seizure of his mobile home. (Doc. 1 at 2-3). Notably, Plaintiff asks this court to "[i]ssue injunctive relief commanding [D]efendant to nullify attachment." *Id.* at 3. For the *Younger* analysis, this Court assumes that Plaintiff has met the requirements for Florida to consider his mobile home "real property,"[6] and is appealing the attachment in state court. (Doc. 1 at 3). *Younger* abstention is appropriate, given that Plaintiff asks this Court "to interfere[] with ongoing post-judgment state court [attachment] . . . proceedings, which implicate important state interests, and that [he] . . . has an adequate opportunity to present [his] challenges in the state court proceedings[.]" *See Hirsch v. 18th Judicial Circuit Court of Fla.*, No. 6:21-cv-1920-CEM-LHP, 2022 U.S. Dist. LEXIS 95627, at *16 n.9, *20 (M.D. Fla. May 27, 2022) (implicating Florida's important state interests in " 'disputes that affect title to

---

[6] *See* Fla. Stat. Ann. § 320.015(1) (LexisNexis 2022) (requiring that the owner of the mobile home "permanently affix[]" it to land they also own). However, the analysis will remain the same if the mobile home is personal property.

Florida real estate' " and requests for 'this Court to take actions against state court judges . . . directly related to their official duties'.") (citations omitted).[7]

Obviously, this matter implicates Florida's important interests as this dispute involves title to Florida property and a state court judge performing his official duties. (Doc. 1 at 1-3). Finally, Plaintiff fails to meet his burden of presenting any "authority suggesting that the state procedures are inadequate to redress [his] injury," and has the option to appeal this judgment in state appellate court. *Hirsch*, 2022 U.S. Dist. LEXIS 95627, at *20-21. Therefore, under *Younger* it is proper for this Court to abstain from interfering with ongoing state court proceedings.

### B. The *Rooker-Feldman* Doctrine

Moreover, if a final judgment is entered in the state court before this matter is resolved, this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. This doctrine, "limits . . . the subject matter jurisdiction of federal district courts . . . over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). It precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (citation and internal quotation marks omitted). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005). Ultimately, "'this Court

---

[7] As previously mentioned, to the extent this matter is brought against a state court judge acting in his official capacity, the Defendant may raise the affirmative defense of judicial immunity, barring the relief Plaintiff requests from this Court. *See, e.g.*, *Mordkofsky*, 159 F. App'x 938.

has no jurisdiction to relieve' [Plaintiff] of the underlying state court judgment, and [he] 'cannot challenge the state court's final decision in the [attachment] proceeding without running afoul of the *Rooker-Feldman* doctrine.' " *See Hirsch*, 2022 U.S. Dist. LEXIS 95627, at *14 (citing *Fremont Inv. & Loan Co. v. Bedasee*, No. 2:16-cv-740-FtM-99CM, 2016 WL 5816050, at *3 (M.D. Fla. Oct. 5, 2016)).

If Plaintiff fails to appeal his judgment in state appellate court, treating the January 12, 2022, attachment as a final state court judgment, then this Court "cannot review or reject" it. *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). Therefore, under *Rooker-Feldman*, answering each question in the affirmative requires this Court to abstain from reviewing Plaintiff's challenge to the final state court judgment.

### III.   CONCLUSION

Accordingly, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Recommended in Ocala, Florida on August 31, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy