UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TERRY A. BURLISON,**

    Plaintiff,

v.                                                             Case No: 5:22-cv-368-JA-PRL

**STEVEN G. ROGERS,**

    Defendant.

_____

**ORDER**

Before this Court is a motion to quash service of process filed by a non-named party, Ashley Moody, Florida Attorney General. (Doc. 5). Although the motion is opposed, it is apparent from the motion and summons that the requirements for service as set forth in the Federal Rules of Civil procedure have not been met. *Id.*; (Doc. 2); *see* Fed. R. Civ. P. 4. A summons was only issued for the sole named Defendant, Circuit Court Judge Steven G. Rogers, and service of process is insufficient if on anyone besides him, including Attorney General Moody.[1]

---

[1] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[T]he Court has broad discretion to dismiss the action or to quash service but retain the case when service of process is insufficient." *Callaway v. Kittler*, No. 6:13-CV-1561-ORL-22, 2013 WL 6065759, at *1 (M.D. Fla. Nov. 18, 2013).

- 2 -

Accordingly, the motion to quash service of process (Doc. 5) is GRANTED. The service of process shown by the Attorney General's motion on August 29, 2022 (Doc. 5-1) is QUASHED.[2]

**DONE** and **ORDERED** in Ocala, Florida on September 1, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Notably, a plaintiff has within 90 days of filing the complaint (here Plaintiff filed his complaint on August 22, 2022) to complete service of process. *See* Fed. R. Civ. P. 4(m).